**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-20125-01-JAR** |
| | ) | |
| **ELISER LOPEZ-ARENAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Compel Discovery by the Government Under Rule 16 (Doc. 267). The Government responded, and the Court heard oral argument on the motion on March 3, 2015. For the reasons explained on the record and supplemented by this Memorandum and Order, Defendant's motion is found to be moot in part. As to Defendant's request for a copy of the DEA's hotel interdiction program, the Court takes the matter under advisement pending *in camera* review.

**Background**

Defendant Eliser Lopez-Arenas is charged with conspiracy to distribute more than 50 grams of methamphetamine, using a cellular telephone in committing the conspiracy, and possession with intent to distribute more than 50 grams of methamphetamine. On February 19, 2015, Defendant filed a motion to compel the Government to produce several items of discovery. At the March 3 hearing, Defendant acknowledged that most of the requested discovery had been provided by the Government, with three exceptions: (1) call detail records regarding certain intercepted wire communications for Target Telephone 11 ("TT11"); (2) the location of the Blackberry relay server for TT11; and (3) a copy of the DEA's hotel interdiction program that

would justify "routine interdiction" on February 15, 2013, at the Best Western Hotel in Kansas City, Kansas, referenced in discovery already received by Defendant.

At the hearing, the Government stated that it has produced call detail records embedded in the .pdf-formatted wire interceptions provided to Defendant. The only detail missing on these records is the location of each call. The Government maintains that it does not have location information except for the TelCel records, which it will provide. As the Court explained at the hearing, this renders Defendant's call detail records request moot.[1] The Court also found moot the request for the location of the Blackberry server. The Government stipulates that the Blackberry server is located in the United States but outside of the United States District for the District of Kansas.

The Court advised at the hearing that it would review Defendant's submissions with regard to the DEA hotel interdiction policy and issue a written ruling.

**Discussion**

Under Rule 16(a)(1)(E), the Government must produce for inspection documents and objects upon a Defendant's request if it is within the custody and control of the Government, and: "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Rule 16 also provides for information not subject to disclosure, including "reports, memoranda, or other internal government documents made by an attorney for the government or other

[1]To the extent Defendant requested information about Blackberry's retention of text messages or call information, neither the Government nor Blackberry's counsel had knowledge whether these messages are retained or not. At the hearing, the Court pointed out that the question could be answered by subpoenaing someone from Blackberry to testify at the hearing on the motion to suppress.

government agent in connection with investigating or prosecuting the case."[2]

Defendant points the Court to statements by the Government in applying for certain wiretaps during its investigation that while conducting "routine interdiction" at Kansas City-area hotels on February 15, 2013, agents obtained the guest registry for the Best Western Hotel on Southwest Boulevard. Upon reviewing the guest registry, agents identified Defendant's name, along with his Kansas driver's license and the phone number (925) 446-2374. According to Defendant, this phone number led the Government to discover several of the Target Telephone numbers upon which it obtained wiretap authorizations. Defendant argues that DEA agents' references to "routine interdiction" duties in the subsequent wiretap affidavits and in the investigation report suggest that the DEA has a hotel interdiction policy or program document that is relevant to determining whether the Best Western hotel interdiction on February 15, 2013 was conducted pursuant to that policy, or was instead performed based on information obtained from an allegedly illegal search by the Seventh Street Casino in January 2013.[3] According to Defendant, (925) 446-2374 was also linked to the phone number uncovered by the January 2013 casino searches that Defendant claims were illegal.

At the hearing, the Government stipulated that the DEA has an interdiction program that includes assigning agents to look at certain hotel registries, and that the DEA agents were acting pursuant to that policy on February 15, 2013, when they discovered Lopez on the Best Western registry, along with his phone number. However, the Government argues that this information is not relevant to the defense, that it has no intention of introducing this policy in its case-in-chief,

[2]Fed. R. Crim. P. 16(a)(2).

[3]Defendant has filed a Motion to Suppress (Doc. 276) the communications received from Target Telephones 2, 4, 7–10, and 11 on this basis.

and that information about specific hotels included in the DEA's hotel interdiction program is subject to the law enforcement privilege, or that it is privileged under *Rovario v. United States*.[4]

While the Government stipulates that the Best Western interdiction was conducted pursuant to a larger DEA interdiction policy, it has not made clear whether a written policy exists that governs hotel interdiction. The Court therefore orders the Government to file a Notice on or before March 23, 2015, stating whether there exists a DEA hotel interdiction program or policy for which written guidance exists. In this Notice, the Government shall also comply with *United States v. Winner*,[5] if it asserts that the law enforcement privilege applies to the requested discovery. If such a written policy exists, the Government shall produce this document to the Court for *in camera* review at the time it files its Notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Compel Discovery by the Government Under Rule 16 (Doc. 267) is **found to be moot in part, and taken under advisement in part**. On or before March 23, 2015, the Government shall file a Notice stating whether there exists a DEA hotel interdiction program or policy for which written guidance exists. The Notice shall also comply with the requisites of *United States v. Winner* to the extent the Government claims a law enforcement privilege applies to this requested discovery. If there is such a written document, the Government shall submit the same to the Court for *in camera* review at the time it files its Notice.

Dated: March 4, 2015

S/ Julie A. Robinson

[4]535 U.S. 53 (1957).

[5]641 F.2d 825, 832–33 (10th Cir. 1981) (requiring a formal claim of the law enforcement evidentiary privilege).

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE